

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 5, 1939

Mr. Karl Cayton
County Attorney
Dawson County
Lamesa, Texas

Dear Sir:

Opinion No. O-449
Re: Proper division of fine when only part of costs are paid in justice court.

With further reference to your letter of February 25th, kindly be advised that this Department has considered your request for an opinion as contained in the second paragraph thereof.

Your question concerns the proper division of a sum collected less than the fine assessed against a defendant on being convicted in the justice court and you desire to know how the money collected on the fine and costs are to be divided. In this connection, permit us to set forth the last portion of your letter by way of illustration and by which we shall be guided in answering your request:

"John Doe is convicted on a misdemeanor. He is fined $1.00 and costs, making a total of $15.00. John Doe spends four days in jail on his fine and friend comes up and pays the balance. For his four days in jail, John Doe receives $6.00 on his fine. His friend pays $9.00. How is the money to be divided where the officers and county attorney and J. P. are on a fee basis? And the same circumstances except where the arresting officer has some mileage on the arrest."

Article 949 of the 1925 Revised Code of Crimin-

al Procedure provides:

> Money collected by an officer upon re-
> cognizances, bail bonds and other obligations
> recovered upon in the name of the State under
> any provision of this Code, and all fines, for-
> feitures, judgments and jury fees, collected
> under any provision of this Code, shall forth-
> with be paid over by the officers collecting
> the same to the county treasurer of the proper
> county after first deducting therefrom the
> legal fees and commissions for collecting the
> same."

The statutes do not provide specifically for such situation as presented in your request, however, this Department has recently held where only a part of a fine and costs are collected, that the money collected should go first to the payment of the costs and the balance, if any, to the amount of the fine and that where there is not enough collected to pay all of the costs, the money collected should be pro-rated. In such a case, one of-ficer has no priority over another.

Article 1052, as amended, Revised Code of Crim-inal Procedure 1925, and its relevant portions providing for the justice of the peace fee is as follows:

> "....provided, however, that in all
> counties having a population of 20,000 or
> less, the justice of the peace shall re-
> ceive a trial fee of $3.00."

Article 1054, as amended, Revised Code of Crim-inal Procedure 1925, reads in part as follows:

> "....and in the justice court the trial
> fee shall be the sum of $4.00."

In view of the trial fee above provided, being a part of the costs, and by reason of which the justice of the peace is paid therefrom by the county, it is our view that the $9.00 in question will be pro-rated as in your letter on the basis of $5.00 to the county attorney; $5.00 to the constable and $4.00 to the county, which

figures approximately 64.3 and fraction cents on the dollar. The county would, of course, get its pro-rated part less commissions payable. Any mileage fees due the constable would be figured on the same basis.

It is, therefore, the opinion of this Department that where a conviction is had in the justice court and only a part of the costs are collected, that said sum should be pro-rated between the officers and county in the same proportion as to which each would have been entitled to receive therefrom had all costs been collected.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS